# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MICHAEL LEE CORNELIUS,           )
                                 )
       Plaintiff,           )
                                 )
v.                               )    Case No. CIV-15-215-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
       Defendant.           )

## OPINION AND ORDER

Plaintiff Michael Lee Cornelius (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Appeals Council and asserts that the Commissioner erred because the Council incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on February 22, 1962 and was 52 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a mechanic, owner and operator of a tree service, and building cleaner/janitor. Claimant alleges an inability to work beginning February 22, 2012 due to limitations resulting from pain and other limitations from ruptured

3

discs at multiple levels of the neck and spine, fused discs due to bone spurs, arthritis, depression, and reading problems due to dyslexia.

**Procedural History**

On September 17, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's applications were denied initially and upon reconsideration.  On February 28, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") James Stewart in Tulsa, Oklahoma.  By decision dated May 6, 2014, the ALJ found Claimant was disabledf since February 22, 2012 but not before that date.  The Appeals Council reviewed the decision and reversed the favorable portion of the ALJ's decision on April 8, 2015.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Appeals Council**

The Appeals Council made its decision at step five of the sequential evaluation.  It determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of

4

light work.

**Error Alleged for Review**

Claimant asserts the Appeals Council committed error in (1) improperly assessing Claimant's credibility; (2) failing to justify the reversal of the ALJ's finding of Claimant's general credibility; and (3) finding Claimant could perform light work which was not supported by substantial evidence.

**Credibility Assessment**

In his decision, the Appeals Council found Claimant suffered from the severe impairments of ruptured disc in the lumbar spine, ruptured disc and bone spurs in the cervical spine, arthritis, a dysthymic disorder, an affective mood disorder, an anxiety-related disorder, a learning disorder in reading, and a hearing impairment. (Tr. 7). The Appeals Council determined Claimant retained the RFC to perform a full range of light work except Claimant can perform no climbing of ladders, ropes or scaffolds; occasionally crawl, crouch, stoop, kneel, climb ramps and stairs; must be able to wear and use hearing aids and could have no exposure to extreme levels of noise; could have no exposure to unprotected heights, open flames, dangerous machinery, or equipment, or other hazardous conditions. Due to severe mental impairments, the Appeals Council limited Claimant to unskilled work consisting of simple routine

5

tasks with routine simple verbal instructions and Claimant could only have superficial contact with the general public. Any jobs could not require any significant reading as part of the duties, meaning Claimant could read labels and signs that are learned as part of the job and stay relatively constant, but could not read and interpret documents or instructions such as directions for operating new machinery. Id.

The Appeals Council found that the vocational expert identified significant numbers of jobs in the national economy that Claimant could have performed. (Tr. 8). Referring to the vocational expert's testimony, she identified the representative jobs of garment bagger and small products assembler. (Tr. 53). The Appeals Council, therefore, concluded Claimant was not disabled at any time through the date of the decision, May 6, 2014. (Tr. 8).

Claimant contends the Appeals Council failed to properly justify its basis for reversing the finding of credibility made by the ALJ. This case presents a rather unusual circumstance - one where the Appeals Council has reversed the ALJ's fully favorable decision and, in doing so, discounted Claimant's credibility that the ALJ had accepted. "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). In this instance, the

Appeals Council stated on two occasions in its decision that Claimant's subjective complaints were not fully credible "for the reasons identified in the body of this decision" and "[f]or the reasons explained below . . . ." (Tr. 5, 7). Unfortunately, the Appeals Council never makes good on its promise to explain its deviation from the ALJ's stand on Claimant's credibility or set forth references to the record which specifically contradicts Claimant's statements of limitation.

The ALJ had expressed his belief that Claimant's explanation of his conditions and limitations were credible. At the hearing, the ALJ addressed Claimant and concluded with

> I have listened carefully to what you've said. And I tend to, to, I tend to concur.
>
> I'm not saying that I concur 100 percent with everything you were saying, but you were in an accident. It wasn't you fault. You had a good work record and you certainly got medical evidence to support the low back.
>
> And so, as I indicated to Counsel in matters that may be too technical for you to understand because that if we can get some additional medical evidence, there's a good chance that your case will be decided favorably.

(Tr. 48).

Despite this expression of support for favorable credibility to Claimant's testimony, the Appeals Council overruled the trier of fact who actually observed and examined Claimant and found the

7

testimony was not credible and did so without foundation. The Appeals Council's scant discussion and ruling on Claimant's credibility should be and is reversed. If this were the only issue on appeal, this Court would order the reinstatement of the ALJ's decision. However, as the Appeals Council indicates, the ALJ certainly erred in failing to evaluate the vocational expert's testimony that jobs existed in the economy which Claimant could perform with his RFC. As a result, the case must be remanded to the ALJ for further consideration of his step five findings.

**Step Five Analysis by the Appeals Council**

Claimant also asserts the Appeals Council failed to recognize that the ALJ observed the effects of Claimant's condition upon his ability to walk at the hearing. This argument is a further extension of the challenge to the Appeals Council's credibility determination which this Court has already found to be deficient.

Claimant states the ALJ and the Appeals Council failed to adequately consider the opinion of Dr. Seth Nodine's findings concerning the effects of Claimant's flat foot condition upon his ability to walk and engage in prolonged standing. (Tr. 295-96). To an extent, Dr. Nodine relied upon Claimant's subjective statements in finding that he could not stand longer than one or two hours and experienced particular pain on concrete floors. (Tr.

8

295). Should the ALJ's findings on credibility be maintained, Dr. Nodine's limitations should be considered by the ALJ. Dr. Nodine's findings after examination concerning Claimant's limited range of motion of the lumbar and cervical spine which affected his ability to bend at the waist is in direct conflict with the Appeals Council's adoption of the reviewing agency physician's opinion that Claimant could engage in occasional stooping. The Appeals Council provided little explanation for this position in its decision. The ALJ is required to consider every medical opinion in reaching his assessment and must provide specific, legitimate reasons for rejecting an opinion. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). The ALJ and, by extension, Appeals Council must also explain in the decision the weight given to the medical opinions. Soc. Sec. R. 96-6p, 1996 WL 374180. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, Claimant's limited stooping found by Dr. Nodine shall be re-evaluated and the examining physician's position will be afforded the weight that it is due.

Moreover, neither the ALJ nor the Appeals Council ascertained the singular or combined effect of Claimant's obesity upon his

9

limitations. On remand, the ALJ shall provide the required analysis.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 15th day of September, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE